# In the United States Court of Federal Claims

No. 09-0099C
Filed Under Seal March 13, 2009
Reissued April 2, 2009[1]

\*     \*     \*     \*     \*     \*     \*

PLANETSPACE INC.                                    \*

       Plaintiff,                                  \*

       v.                                              \*

UNITED STATES OF AMERICA,                     \*

       Defendant,                                 \*

ORBITAL SCIENCES CORPORATION,         \*

       Defendant - Intervenor, and            \*

SPACE EXPLORATION TECHNOLOGIES \*

CORPORATION                                          \*

       Defendant – Intervenor.                  \*

\*     \*     \*     \*     \*     \*     \*

Post-award Bid Protest; Competition in Contracting Act Stay Override 31 U.S.C. § 3553(d) (2000); Administrative Procedure Act Standards 5 U.S.C. § 706 (2006).

    Robert S. Metzger, Pillsbury, Winthrop, Shaw, Pittman, LLP, McLean, VA, for plaintiff. Jack Y. Chu, of counsel.

    William Porter Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Steven Mager, of counsel.

    David Churchill, Jenner & Block, Washington, DC, for defendant-intervenor.  Amy Tenney, of counsel.

    Richard J. Vacura, Morrison & Foerster, Washington, DC, for defendant-intervenor.

## OPINION

**HODGES**, Judge.

    Plaintiff filed a bid protest before the Government Accountability Office to overturn a contract award issued by the National Aeronautics and Space Agency.  The Competition in

---

[1] We issued this Opinion under seal on March 13, 2009, pursuant to the protective order filed in this case.  The parties had an opportunity to advise the court of any "protected information" referred to in the Opinion.  None of the parties proposed redactions.

Contracting Act imposes a mandatory stay on further contract action by the Agency until the GAO issues its ruling. *See* 31 U.S.C. § 3553 (2000).

The National Aeronautics and Space Agency issued a memorandum directing override of the mandatory stay for "urgent and compelling circumstances that significantly affect interests of the United States." 31 U.S.C. § 3553(d)(3). Plaintiff seeks an order from this court reinstating the stay. Such an order would prevent intervenors from acting on the contract prior to GAO's ruling on plaintiff's bid protest.

We treated plaintiff's motion as one for a declaratory judgment that NASA's findings were insufficient to support override of the mandatory stay, that the override was a clear error of judgment, and that the Agency's action therefore was arbitrary and capricious. We denied the motion for declaratory judgment at the conclusion of a hearing on February 20, for reasons stated on the record of that hearing.

## BACKGROUND

The National Aeronautics and Space Agency awarded contracts to Orbital Sciences Corporation and Space Exploration Technologies Corporation, the intervenors in this case, for resupply services related to operation of the International Space Station. Plaintiff PlanetSpace filed a protest with the Government Accountability Office after announcement of the award. The GAO implemented the automatic stay pursuant to the Competition in Contracting Act. *See* 31 U.S.C. § 3553(d)(3).

Congress provided relief from the stay when the contracting agency can establish that the contract is in the best interest of the country or there are urgent and compelling circumstances that cannot wait for the decision of the GAO. *See id.* NASA issued a memorandum justifying its decision to override the stay. Plaintiff sued for a declaratory judgment reversing NASA's override.

We review an agency's decision to override a CICA stay according to standards established by the Administrative Procedure Act. *See* 5 U.S.C. § 706 (2006). Plaintiff could not show that NASA acted arbitrarily or capriciously, or that it failed to act in good faith, in the best interests of the United States, or for urgent and compelling reasons in making its decision to override the stay.

## DISCUSSION

An agency may override the mandatory CICA stay if it shows "urgent and compelling circumstances" affecting interests of the United States. 31 U.S.C. § 3553(d)(3). We review CICA override decisions pursuant to the Tucker Act, 28 U.S.C. § 1491(b). The Tucker Act grants this court jurisdiction to hear objections to agency decisions to override the mandatory stay provisions. *RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1290 (Fed. Cir. 1999). We "review the merits of an override independent of any consideration of the merits of the underlying contract award." *PGBA, LLC v. United States*, 57 Fed. Cl. 655, 658 (2003) (citing *RAMCOR*, 185 F.3d at 1291).

The Supreme Court explained that a decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is . . . implausible . . . ." *Motor Vehicle Mfrs. Ass'n. of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The agency's decision must be "based on a consideration of the relevant factors." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).

Plaintiff offered arguments regarding four factors courts normally consider in deciding whether to grant an injunction. It contended that NASA did not consider four additional "*Reilly* factors" in making its decision. *See Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705, 711 (2006) (listing factors "an agency must consider in making an override decision based upon urgent and compelling circumstances."). We did not consider the *Reilly* factors at the hearing because Congress limited the court's review of an agency's decision in a CICA override action to the Administrative Procedure Act standards. *See, e.g., Chapman Law Firm Co. v. United States*, 65 Fed. Cl. 422, 424 (2005) (stating that "it would be contrary to the legislative scheme to impose such an additional requirement . . . in order to reinstate the statutory stay applicable during the GAO protest period."); *Advanced Sys. Dev., Inc. v. United States*, 72 Fed. Cl. 25, 36-37 (2006) (holding that the factors for injunctive relief are not needed in a CICA override determination because "declaratory judgment achieves the same effect.").

NASA justified its override of the stay by reference to Presidential policy decisions concerning the shuttle program and international commitments pertaining to the space station. Plaintiff argued that the President could reverse the policies if necessary and that the international partners could contribute to the supply program. However, such considerations are speculative.

## CONCLUSION

NASA considered all important aspects of the contracts and showed that delay would adversely affect the interests of the United States. Plaintiff's arguments to the contrary do not diminish the fact that NASA's determination was not arbitrary or capricious but considered fully and thoroughly. The Agency's conclusions are reasonable.

Plaintiff's motions for a temporary restraining order, a preliminary injunction, and a declaratory judgment are DENIED. The Clerk of Court will dismiss plaintiff's Complaint. No costs. This opinion will be filed under seal. The parties have until March 27 to submit redactions to this court.

 s/ Robert H. Hodges, Jr.
 Robert H. Hodges, Jr.
 Judge